UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CIV-20779-GAYLES
MAGISTRATE JUDGE P. A. WHITE

ANISUR REHMAN,

    Petitioner,

v.                                          <u>REPORT OF</u>
                                              <u>MAGISTRATE JUDGE</u>
JUAN L. ACOSTA, et al.,[1]

    Respondents.
_____

## I. Introduction

Petitioner Anisur Rehman has filed a <u>pro se</u> petition for writ of habeas corpus with attached exhibits pursuant to 28 U.S.C. §2241, challenging as unlawful his detention by United States Immigration and Customs Enforcement ("ICE"). This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court has reviewed the petition (DE#1), and the Respondent's supplemental response to an order to show cause with attached supporting exhibits (DE#11).

## II. Discussion

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States...." 28 U.S.C. §2241(c)(3); <u>accord</u> <u>Maleng v. Cook</u>, 490 U.S.

---

[1] The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." <u>Rumsfield v. Padilla</u>, 542 U.S. 426, 435 (2004). This is "the person with the ability to produce the prisoner's body before the habeas court." <u>Id.</u> at 435-436. In this case, the proper Respondent is Juan L. Acosta because he was Petitioner's immediate custodian. Therefore, this petition will be construed as naming Mr. Acosta as the Respondent.

488, 490-91 (1989). The "in custody" determination is made at the time the section 2241 petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Petitioner has clearly met the "in custody" requirement in that he was confined when he filed the instant petition. However, this Court has no continuing jurisdiction in this case.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to "'Cases' and 'Controversies.'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980); Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)(citation omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)(same). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). In other words, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 494 U.S. at 477.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The doctrine of mootness derives "directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242. Thus, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. Therefore, if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the moving party meaningful relief, then the case is moot and must be

2

dismissed. In fact, dismissal is required because mootness is jurisdictional.

Since a habeas petition challenges prison officials' or, more accurately in this case, immigration officials' authority to keep a prisoner in custody, the petitioner's release moots a habeas petition. See generally Lane v. Williams, 455 U.S. 624, 632 (1982). Generally, where an alien is released from ICE custody pending removal from the United States, his petition for habeas relief is moot. See generally He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). See also Revan v. Mukasey, 2008 WL 3992291, *2 (S.D.Fla. 2008), *citing*, He v. Gonzales, supra; Ismaila v. Department of Homeland Sec., 2009 WL 1635781, *1 (S.D.Ala. 2009), *citing*, He v. Gonzales, supra; Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y.2004)("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, §2 of the United States Constitution."), *adopted by* Abdalla v. Ashcroft, 2004 WL 2491646 (W.D. N.Y. 2004).

In the instant proceeding, Petitioner has received the very relief he sought when he filed this proceeding. Specifically, Petitioner requested in his petition that he either be released from custody or allowed to go back to his native country, but not be held any longer in ICE custody pending his removal. And the exhibits to the government's supplemental response reveal that Petitioner has been removed from the United States, and is no longer in ICE custody. Therefore, this Court can no longer order the federal respondents to release petitioner, as requested in the petition, in that Petitioner has already been released from the custody of ICE, there is "nothing for us to remedy, even if we were disposed to do so.'" Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18 (1998). This action thus no longer presents a justiciable case or controversy within the meaning of Article III. This federal petition should, therefore,

be dismissed as moot. See Sule v. Immigration & Naturalization Serv., 1999 WL 668716 (10th Cir. 1999)(petitioner's deportation to Nigeria rendered moot his §2241 habeas petition challenging both the order of deportation and his INS detention); see also Suarez-Tyida v. United States, 85 F.App'x 711, 715-16, 2004 WL 68758, *4 (10th Cir. 2004)(holding that because alien had been released from indefinite immigration detention, he had "effectively received the relief he has requested," and his petition was moot.).

### III. Conclusion

Based on the foregoing, it is recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 be DISMISSED AS MOOT without prejudice to Petitioner's right to file a future petition if circumstances change.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 25th day of May, 2017.

UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Anisur Rehman
A202160902
Glades County Jail
Inmate Mail/Parcels
1297 East State Road 78
Moore Haven, FL 33471[2]

---

[2] It is unclear why Petitioner indicated an address at the Glades County Jail, and Respondent's original response indicated that he was at Krome SPC at the time that pleading was filed. However, although it seems unlikely that Petitioner will received this report regardless of where the Court sends it at this point, in fairness the Court will send a copy to the address that Petitioner indicated on his initial filing.

Karin D. Wherry
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132